IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSIE ROCIO,<br><br>                    Plaintiff,<br>Vs.<br><br>PARSEC, INC., an Ohio Corporation, by and through its authorized agents and employees,<br>                    Defendant | Case No.  08 CV 3526<br><br>Judge:  Gettleman<br><br>Magistrate:  Judge Denlow |

**ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**

Now comes the Defendant, PARSEC, INC., an Ohio Corporation, and answers the Plaintiff's Complaint as follows:

**COUNT I – NEGLIGENCE**

1. That on and before September 7, 2006, Defendant, PARSEC, was a corporation organized and existing pursuant to the laws of the State of Ohio and was doing business in Illinois at the BNSF rail yard located at 27236 Baseline Road, in the Village of Elwood, County of Will, State of Illinois.

**ANSWER**:    The Defendant admits the allegations in Paragraph 1.

2. That on and before September 7, 2006, Defendant, PARSEC, employed certain individuals who were at all relevant times the agents, servants or employees of PARSEC.

**ANSWER**:    The Defendant admits only that on and before September 7, 2006, it employed certain individuals who were its agents, servants or employees.

3. On September 7, 2006, Defendant PARSEC, by and through its authorized agents and employees, owned and operated a crane and said

Defendant was responsible for removing containers from trucks at the BNSF rail yard located at 27236 Baseline Road in the Village of Elwood, County of Will, State of Illinois.

**ANSWER**:   The Defendant admits that, at the location and on the date alleged, it operated a crane and it was one of the agents responsible for removing containers from trucks; and the Defendant denies the remaining allegations in Paragraph 3.

4.   On September 7, 2006, the plaintiff, JESSE ROCIO, was a truck driver and was attempting to deliver the container on his truck to the above referenced BNSF rail yard located at Village of Elwood, County of Will, State of Illinois.

**ANSWER**:   Upon information and belief, the Defendant admits the allegations in Paragraph 4.

5.   On September 7, 2006, Plaintiff, JESSE ROCIO, pulled his truck in line with the crane being operated by the Defendant, PARSEC, by and through its authorized agents and employees, to have the container removed from the truck when the Defendant, PARSEC, by and through its authorized agents and employees, without warning to the Plaintiff, JESSE ROCIO, lifted the truck being operated by the Plaintiff, JESSE ROCIO, approximately ten (10 feet and dropped the truck to the ground.

**ANSWER**:   The Defendant admits that Plaintiff JESSE ROCIO attempted to pull his truck in line with the crane on the date alleged; the Defendant admits that it operated the crane on the date alleged; and the Defendant denies the remaining allegations in Paragraph 5.

6. At all times relevant, the Defendant, PARSEC, by and through its authorized agents and employees, owed a duty of reasonable care to members of the pubic including the Plaintiff, JORGE RECIO, in the operation of a crane.

**ANSWER**: The Defendant admits to all duties imposed upon it by law in the operation of a crane and Defendant denies that Paragraph 6 completely and accurately sets forth said duties.

7. On September 7, 2006, the Defendant, PARSEC, by and through its authorized agents and employees, was negligent in one or more of the following respects:

    a. Carelessly and negligent failed to provide notice to Plaintiff, JESSE ROCIO, that they intended to lift the truck;

    b. Carelessly and negligently failed to determine if anyone, including the plaintiff, JESSE ROCIO, had entered the truck prior to lifting said truck with the crane;

    c. Carelessly and negligently lifted the truck from the ground with the crane;

    d. Carelessly and negligent dropped the truck from the crane;

    e. Carelessly and negligently failed to give any audible warning to the plaintiff before picking up or dropping the truck;

    f. Was otherwise careless and/or negligent in the operation of the crane.

**ANSWER**: The Defendant denies the allegations of Paragraph 7, inclusive of subparagraphs (a) – (f).

8. As a proximate result of one or more of the aforesaid negligent acts and/or omission of the Defendant, PARSEC, by and through its authorized agents and employees, the Plaintiff, JESSE ROCIO, suffered injuries of a persona and pecuniary nature, including but not limited to medical bills and lost wages.

**ANSWER**: The Defendant denies the allegations of Paragraph 8.

9.      At the time of the occurrence and subsequent thereto, Plaintiff, JESSE ROCIO, resided and continues to reside in the City of Crestwood, County of Cook, State of Illinois.

**ANSWER**:    The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9.

WHEREFORE, Defendant, PARSEC, INC., denies that Plaintiff is entitled to judgment in any amount whatsoever and requests judgment in its favor and against Plaintiff, including all costs of this action and for such other relief as this Court deems just.

## AFFIRMATIVE DEFENSES

Defendant, PARSEC, INC., an Ohio corporation, states for its Affirmative Defense as follows:

1.    The injuries, expenses, pecuniary losses and other damage claimed by Plaintiffs were caused in whole or in part by the negligence, fault and other wrongful conduct of the Plaintiff JESSE ROCIO

2.    Any verdict or judgment obtained by the Plaintiff, if any, should be reduced by an amount commensurate with the degree of fault attributed to Plaintiff JESSE ROCIO by the jury in this cause.  Alternatively, Plaintiff should be barred by his contributory negligence from any recovery, as his negligence, fault and other wrongful conduct exceeds 50% of the cause of the injuries, expenses, pecuniary losses and other damage claimed.

WHEREFORE, Defendant PARSEC, INC., an Ohio corporation, prays that judgment be entered in its favor and against Plaintiff or, alternatively, that any verdict or judgment obtained by the Plaintiff be reduced by an amount

commensurate with the degree of fault attributed to the Plaintiff JESSE ROCIO by the jury in this cause.

                                      JOHNSON & BELL, LTD.

                        By:   /s/Charlene S. Mitchell
                            Charlene S. Mitchell, attorney for Defendant
                            Parsec, Inc., an Ohio Corporation

Joseph R. Marconi
Charlene S. Mitchell
JOHNSON & BELL, LTD.
Attorneys for Defendant
Suite 2700
33 West Monroe Street
Chicago, Illinois  60603
(312)  372-0770
Firm I.D. No.:  06347