EWM/dap                          File No. 08-84

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE ROCIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 CV 3526 |
| | ) | |
| PARSEC, INC., an Ohio Corporation, | ) | Judge Robert Gettleman |
| by and through its authorized agents and | ) | |
| employees, | ) | Magistrate: Judge Denlow |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION TO COMPEL AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AT LAW

NOW COMES the plaintiff, JESSE ROCIO, by his attorneys, COGAN & McNABOLA, P.C., and requests an Order compelling the defendant to provide an affidavit and for Leave to File plaintiff's Second Amended Complaint at Law. In support hereof, plaintiff states as follows:

1. This is a personal injury claim stemming from an incident that occurred on September 7, 2006.

2. The plaintiff, JESSE ROCIO, was driving a 2000 Freightliner tractor-trailer when his vehicle was lifted off the ground by a crane operated by the defendant, PARSEC, INC.

3. Plaintiff is attempting to verify that there is not any additional parties who are potentially responsible for this incident.

4. Towards this end, on July 8, 2008, defense counsel, Charlene Mitchell, Esq., agreed to provide an affidavit regarding any potentially responsible parties (see Exhibit A attached).

5. Also, on August 4, 2008, plaintiff's counsel requested that Ms. Mitchell provide an affidavit indicating that the "machinery involved in this incident did not malfunction".

6. On August 20, 2008, defense counsel provided an affidavit from Brian Barnes who was a terminal manager at the time of this incident. In essence, this affidavit reflects that Mr. Barnes is not aware of any defect with the crane. (see Exhibit B attached).

7. Plaintiff requires an affidavit from the crane operator confirming that he is not alleging any defect with the crane or any other product.

8. Also, the plaintiff requests leave of court to file a Second Amended Complaint naming additional defendants, including but not limited to, BSNF Railway, Freightliner, Inc. and potentially one or more other defendants.

WHEREFORE, plaintiff, JESSE ROCIO, prays that this Court enter an Order compelling the defendant to provide an affidavit by September 5, 2008, and for Leave to file Plaintiff's Second Amended Complaint at Law, or for whatever other relief this Court deems just.

_____
Attorney for Plaintiff

Edward W. McNabola, Esq.
Cogan & McNabola, P.C.
55 West Wacker Drive
Suite 900
Chicago, IL 60601
(312) 629-2900
ARDC No: 6211511

## CERTIFICATE OF SERVICE

  Dana Petrecca, a non-attorney, hereby certifies that she caused the attached to be served upon the following counsel of record **via regular mail and via facsimile** unless otherwise indicated, this 2nd day of September, 2008.

**Motion to Compel and for Leave to File Second Amended Complaint at Law**

                  /s/ Dana Petrecca
                  Dana Petrecca

Charlene Mitchell, Esq.
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, IL 60603

# COGAN & McNABOLA, P.C.
ATTORNEYS AT LAW

Edward (Ted) McNabola
*Partner*

July 8, 2008

Charlene Mitchell, Esq.
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, IL 60603

      Re:   Rocio
             Our File No.: 08-84

Dear Ms. Mitchell:

      Thank you for your agreement to provide me with an affidavit from your client indicating that he does not believe that the machinery he was using at the time of the incident malfunctioned in any way. Further, this affidavit will reflect that he does not believe that any potential defect in a product or problem at the job site in any way contributed to this incident. I thank you for your accommodation in this regard.

      Further, as we discussed, I will obtain a meeting with my client relative to the issues we discussed and I will inform you of my findings as soon as possible.

      Thank you once again for your courtesy in this matter and I look forward to working with you.

Very truly yours,

Edward W. McNabola

EWM/dap

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSIE ROCIO,<br>      Plaintiff,<br>Vs.<br><br>PARSEC, INC., an Ohio Corporation,<br>by and through its authorized agents<br>and employees,<br>      Defendant | Case No. 08 CV 3526<br><br>Judge: Gettleman<br><br>Magistrate: Judge Denlow |

### AFFIDAVIT OF BRIAN BARNES

Brian Barnes, being first duly sworn on oath, states as follows:

1. I have been an employee of Parsec, Inc. since 1999. Since approximately September 2005, I have been the Senior Terminal Manager at the Burlington Northern Santa Fe's (BNSF) Logistic Park Chicago (LPC) terminal. Formerly, I was a Terminal Manager at the BNSF Los Angeles terminal.

2. Parsec, Inc. is the intermodal contractor at the BNSF LPC terminal.

3. As the Senior Terminal Manager, my job responsibilities include managing Parsec, Inc.'s day-to-day operations, day-to-day ramp / de-ramp lifts, and administrative operations at the LPC terminal.

4. I am familiar with the claim made by Jesse Rocio and I have read his Amended Complaint filed in this matter.

5. The crane at issue is an 850 stacking crane, unit number MO 313. In September 2006, the crane at issue was owned by the BSNF Railway. Hubert Line was the company hired by the BSNF to be responsible for maintaining lift equipment, including the crane at issue. Hubert Line had its own documentation, logs, and records of its maintenance work. In general

08/20/2008 14:55 FAX 3123729818    JOHNSON & BELL LIMITED    ☒003/003
Case 1:08-cv-03526    Document 12-3    Filed 09/02/2008    Page 2 of 2

Aug 13 08 11:27p    PARSEC                                  8154242253                    p.3

practice, Hubert Line did not provide such documentation to Parsec, Inc. In general practice, Hubert Line did communicate to Parsec, Inc. when Hubert Line identified a piece of equipment which would be taken out of service or when an immediate safety concern was identified.

6. In September 2006, Parsec, Inc. employees who operated the crane at issue were required to inspect the crane on, approximately, a per-shift basis. Such inspections were documented, and the documentation was maintained for a limited time period.

7. Mr. Rocio reported the occurrence as alleged in his Amended Complaint to Parsec, Inc., on the date of the occurrence, September 7, 2006.

8. Parsec, Inc., is not aware of any documentation or claim which suggests that the crane at issue was not properly maintained, or was not properly functioning, at the time of the alleged occurrence. Around the time of the occurrence, Parsec, Inc. was not informed by Hubert Line that the crane at issue would be taken out of service or posed an immediate safety concern.

Affiant, further sayeth naught.

I, Brian Barnes, under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, certify that the statements set forth in the foregoing Affidavit are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes same to be true.

_____
Brian Barnes

Joseph R. Marconi
Charlene S. Mitchell
JOHNSON & BELL, LTD.
Attorneys for Defendant
Suite 2700
33 West Monroe Street
Chicago, Illinois 60603
(312) 372-0770
Firm I.D. No.: 06347